IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JOSEPH MURPHY | § | |
| VS. | § | CIVIL ACTION NO. 1:22-cv-9 |
| ZENA STEPHENS | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Joseph Murphy, proceeding *pro se*, filed the above-styled Petition for Writ of Habeas Corpus. This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

In his Petition (doc. #1), Petitioner states that three indictments have been returned against him in Jefferson County, Texas. He asserts there is not probable cause to support the indictments because the indictments are based on hearsay and on false statements from police officers. Petitioner also states he has been denied a speedy trial and has received ineffective assistance of counsel.

Discussion

Petitioner is a pretrial detainee at the Jefferson County Correctional Facility. (Doc. #1 at 1.) A pretrial petition for writ of habeas corpus challenging ongoing state criminal proceedings is properly brought under 28 U.S.C. § 2241. *See Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998); *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987). Section 2241 gives the district court authority to grant a writ of habeas corpus where a state prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

A state pretrial detainee is entitled to raise constitutional claims in a petition filed under Section 2241 if two requirements are satisfied. First, the petitioner must be in custody. *See* 28 U.S.C. § 2241(c); *Dickerson*, 816 F.2d at 224. As Petitioner is confined in the Jefferson County Correctional Facility on pending criminal charges, he is "in custody" for purposes of Section 2241.

Second, the petitioner must have exhausted his available state remedies. *See Dickerson*, 816 F.2d at 224. State remedies are ordinarily not considered exhausted if the petitioner may effectively present his claim to the state courts by any currently available and adequate procedure. *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 489-92 (1973).

A fundamental prerequisite to federal habeas corpus relief is the exhaustion of all claims in state court prior to requesting federal collateral relief. *Picard v. Connor*, 404 U.S. 270, 275 (1971). The exhaustion requirement reflects federal-state comity concerns. *Id*. The district court may raise the exhaustion requirement *sua sponte*. *McGee v. Estelle*, 722 F.2d 1206, 1208 (5th Cir. 1984) (*en banc*). The exhaustion requirement demands that an applicant "fairly apprise the highest court of his state of the federal rights which were allegedly violated" and do so "in a procedurally correct manner." *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993).

Petitioner has state court remedies available to him, such as filing an application for writ of habeas corpus pursuant to Article 11.08 of the Texas Code of Criminal Procedure. However, Petitioner does not allege he has exhausted his state court remedies. As a result, his Petition should be dismissed without prejudice.

Recommendation

This Petition for Writ of Habeas Corpus should be dismissed without prejudice for failure to exhaust state habeas remedies.

<u>Objections</u>

Objections must be (1) specific, (2) in writing, and (3) served and filed within 14 days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(b) and 72(b).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**SIGNED this the 22nd day of August, 2023.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE